**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**PRATT CORRUGATED HOLDINGS, INC.,**

      **Plaintiff,**

  v.

**PORTER PIZZA BOX OF OHIO,
LLC f/k/a STAR PIZZA BOX
OF OHIO, et al.,**

      **Defendants.**

**Civil Action 2:23-cv-448
Chief Judge Algenon L. Marbley
Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Defendant Porter Pizza Box of Ohio LLC's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a). (Doc. 28). For the following reasons, the Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Pratt Corrugated Holdings, Inc. ("Pratt") brings this action against Defendants Porter Pizza Box of Ohio LLC ("PPB Ohio") and John Does 1–25, alleging actual fraudulent transfer and constructive fraudulent transfer of property under Ohio Revised Code 1336.04(A)(1)–(2). (Doc. 18 (Amended Complaint)).

Pratt, a Delaware corporation with its principal place of business in Georgia, manufactures and sells corrugated paper products, including pizza boxes. (*Id.* at ¶¶ 6, 13). In 2012, it began selling pizza boxes to PPB Ohio and its affiliates, which were in the business of printing designs and logos on pizza boxes. (*Id.* at ¶ 12). The arrangement seemed to be working well for both sides, and they renegotiated their contract in 2016. (*Id.* at ¶¶ 14, 19). Pratt agreed to sell pizza boxes to PPB Ohio at a discount for six months and to pay a $160,000 cash incentive to PPB Ohio and its affiliates. (*Id.* at ¶ 22). In exchange, PPB Ohio and its affiliates agreed to purchase at least

$17 million in pizza boxes annually and to buy other supplies from Pratt, increasing total sales to $20 million annually over the next three years. (*Id.* at ¶ 23).

Seventeen days after signing the 2016 contract, PPB Ohio and its affiliates agreed to sell their assets to Pratt's competitor for $35 million. (*Id.* at ¶ 26). Perhaps unsurprisingly, PPB Ohio stopped ordering pizza boxes from Pratt and, according to Pratt, failed to meet other obligations under the 2016 contract. (*Id.* at ¶¶ 32, 44). More still, Pratt alleges that PPB Ohio and its affiliates fraudulently transferred the proceeds from the sale of the business to Defendants John Does 1–25 in order to escape their debts with Pratt. (*Id.* at ¶¶ 4–5).

Pratt sued PPB Ohio's affiliates in the United States District Court for the Middle District of Florida and sued PPB Ohio in this Court. PPB Ohio wants the cases to be litigated together and seeks to transfer this case to the Middle District of Florida (Doc. 28). Pratt opposes, apparently concerned that this Court is the only proper venue for its claims against PPB Ohio (Doc. 31). The parties briefed the Motion, and it is ripe for review. (Docs. 28, 31, 32).

**II. STANDARD**

Defendant's motion is governed by 28 U.S.C. § 1404(a), which states: "For the convenience of parties ..., in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought ...." 28 U.S.C. § 1404. The Rule "is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (citation and quotations omitted). Accordingly, a motion to transfer under § 1404(a) requires the district court to consider several case-specific factors. *Id.*

But as a threshold matter, a court must determine "whether the action 'might have been brought' in the transferee court." *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D.

2

Ohio 2007). "An action 'might have been brought' in a transferee court, if the court has jurisdiction over the subject matter of the action, venue is proper there[,] and the defendant is amenable to process issuing out of the transferee court." *Schoenfeld v. Mercedes-Benz USA*, LLC, No. 3:20-CV-159, 2021 WL 3579016, at *1 (S.D. Ohio Aug. 13, 2021) (citing *Sky Techs. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000)).

After a court determines that venue is proper, it weighs convenience to parties as well as other public and private interest factors. *See Kay*, 494 F. Supp. 2d at 849. The factors relating to private interests include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Id.* at 850 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981)). As for the public-interest factors, they "may include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62 n.6 (2013) (quoting *Piper Aircraft Co.*, 454 U.S. at 241 n.6, 102 S.Ct. 252) (internal quotation marks and brackets omitted).

Finally, the court considers whether the transfer is "in the interest of justice[.]" 28 U.S.C. § 1404(a). This includes consideration of judicial economy and the desire to avoid inconsistent judgments. *North v. McNamara*, 47 F. Supp. 3d 635, 648 (S.D. Ohio 2014).

### III. DISCUSSION

As explained below, the Middle District of Florida is a proper forum and the better jurisdiction for this litigation.

A. *Proper Forum*

To begin, the Court must determine if the potential transferee court, the Middle District of Florida, is a proper forum. Namely, the Middle District of Florida must have personal jurisdiction over PPB Ohio, have subject-matter jurisdiction over the claims, and be a proper venue.

i. Personal Jurisdiction

Pratt chiefly argues that it filed suit in the Southern District of Ohio because the Middle District of Florida does not have personal jurisdiction over PPB Ohio. (*See* Doc. 31). But personal jurisdiction is a waivable right. *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S. Ct. 2099, 2105, 72 L. Ed. 2d 492 (1982). And here, PPB Ohio has consented to be sued in the Middle District of Florida. (Doc. 32-1 at ¶ 9 (Halden Porter affidavit) ("Because I control Porter Pizza Box of Ohio, that entity would have consented (and does consent) to jurisdiction and venue in Florida where my family and I live.")). On this fact alone, the Middle District of Florida has personal jurisdiction over PPB Ohio. But, even if PPB Ohio had not consented to personal jurisdiction, its interactions with the State of Florida make the Middle District of Florida a proper forum.

To determine whether personal jurisdiction exists, the court applies the law of the forum state. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000). Here, since PPB Ohio seeks to transfer the case to the Middle District of Florida, Florida law applies. The inquiry is two-fold. A court may exercise personal jurisdiction over a defendant only if the state's long-arm statute is satisfied and constitutional due process is met. *See* Fed. R. Civ. P. 4(e)(1), (h), and (k); *Sculptchair, Inc. v. Century Arts, Ltd.*, 94 F.3d 623, 626–27 (11th Cir. 1996).

1. Florida's Long-Arm Statute

Like many long-arm statutes, Florida permits courts to exercise jurisdiction over a nonresident defendant if its specific conduct within Florida gives rise to the cause of action

4

(specific jurisdiction), or if a defendant's conduct in Florida is so substantial that it submits to the state's jurisdiction regardless of whether the claim arises out of that conduct (general jurisdiction). Fla. Stat. § 48.193. Under either analysis, Florida's long-arm statute is satisfied.

### a. *General Jurisdiction*

The Middle District of Florida has general personal jurisdiction over PPB Ohio under the long-arm statute. General personal jurisdiction exists when a defendant "is engaged in substantial and not isolated activity within this state ... whether or not the claim arises from that activity." Fla. Stat. § 48.193(2); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1220 n. 27 (11th Cir. 2009). "Most often, general jurisdiction can be exercised over an individual if the individual is domiciled in the forum state; for a corporation, general jurisdiction can be exercised in the forums where the corporation's headquarters, principal place of business, or place of incorporation are located." *MerchACT, LLC v. Ronski*, No. 9:20-CV-82043-WPD, 2021 WL 9347069, at *3 (S.D. Fla. June 29, 2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 924 (2011)).

The president and owner of PPB Ohio has testified that "the majority of matters related to [PPB Ohio]" were handled in Florida and that company finances and management came from the Florida headquarters. (Doc. 32-1 at ¶¶ 7–8). And the purchasing, sales, and art departments were housed at this office. (*Id.*). All this shows that PPB Ohio engaged in substantial, not isolated, activity in Florida and is therefore subject to general personal jurisdiction in the state. And there is more.

### b. *Specific Jurisdiction*

Even if PPB Ohio's activities in Florida were not so extensive to submit it to the general jurisdiction of Florida courts, its activities giving rise to the instant case confer specific jurisdiction

5

to the Middle District of Florida.  Florida's long-arm statute permits a court to assert jurisdiction over any defendant for any cause of action arising from "operating, conducting, engaging in, or carrying on a business or business venture in this state or [has] an office or agency in this state." Fla. Stat. § 48.193(1)(a)(1).

"In order to establish personal jurisdiction over a defendant through the 'carrying on a business' prong of the long-arm statute, 'the activities of the defendant must be considered collectively and show a general course of business activity in the state for pecuniary benefit.'" *Scharrer v. Fundamental Admin. Servs., LLC*, No. 812CV1854T35MAP, 2013 WL 12169308, at *3 (M.D. Fla. Sept. 10, 2013) (citing *Horizon Aggressive Growth, LP. v. Rothstein-Kass, P.A.*, 412 F.3d 1162, 1167 (11th Cir. 2005)).  The presence and operation of an office in Florida is a relevant factor to consider.  *Horizon Aggressive Growth, LP.*, 421 F.3d at 1167.  PPB Ohio, and all other Porter subsidiaries, was run out of Porter's headquarters in Lakeland, Florida.  (Doc. 32-1 at ¶ 7 (Hal Porter affidavit) ("Prior to the sale of my company, we had operations across the country[] but ran [Porter], including all of its locations, from the company headquarters in Lakeland, Florida. Our Lakeland headquarters housed myself, as President of the company, our controller, and the purchasing, sales, and art departments.  We handled all accounts receivable and accounts payable, along with general company management from Lakeland.")).  And this office is where any alleged transfer of funds to defraud Pratt would have taken place.  (Doc. 32 at 1 (Defendant's reply brief)). Based on the plain language of the long-arm statute, the Middle District of Florida can exercise personal jurisdiction over PPB Ohio simply because PPB Ohio had an office in Florida and that office is where the business relationship giving rise to this lawsuit between PPB Ohio and Pratt— and that relationship's fallout—was established and maintained.  *See* Fla. Stat. § 48.193(1)(a)(1).

    2.  Due Process

Since Florida's long-arm statute is satisfied, the Court must next determine whether: (1) sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment and that (2) maintenance of the suit does not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). A court may exercise personal jurisdiction over a nonresident defendant only if both prongs of the due process analysis are satisfied. *Louis Vuitton Malletier v. Mosseri*, 736 F.3d 1339, 1358 (11th Cir. 2013); *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 256 (11th Cir. 1996) (citations omitted).

Again, PPB Ohio's consent rules the day. "[T]he due process analysis is unnecessary where a nonresident defendant has consented to suit in a forum." *Alexander Proudfoot Co. World Headquarters v. Thayer*, 877 F.2d 912, 921 (11th Cir. 1989) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 n. 14 (1985)). But, even if PPB Ohio had not agreed to be sued in the Middle District of Florida, the Court easily concludes that due process requirements are met.

Turning first to the minimum contacts prong, the Court must examine the "quality and nature" of PPB Ohio's activity, with the essential finding that the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The Court has already analyzed the meaningful contacts PPB Ohio has with Florida. *See* Section III.A.i.1.a–b. And those contacts are more than enough to satisfy due process. *Bioderm, Inc. v. Medexus, Inc.*, No. 8:05-CV-2140-T-30EAJ, 2006 WL 8440122, at *5–6 (M.D. Fla. Apr. 10, 2006) (citations omitted) ("[t]he due process requirement of minimum contacts is determined by application of the continuous and systematic contacts standard . . . . Since [Florida long-arm statute] governing general jurisdiction incorporates this high standard, the Court concludes that PPB Ohio maintained minimum contacts with Florida to satisfy due process requirements.").

And transferring the matter to the Middle District of Florida would not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co.*, 326 U.S. at 316; *see also Glob. Liaison Consulting Inc. v. Sevo Sys., Inc.*, No. 617CV121ORL40KRS, 2017 WL 1321984, at *6 (M.D. Fla. Apr. 7, 2017) ("Only where the exercise of jurisdiction would 'make litigation so gravely difficult and inconvenient' such that the non-resident defendant is placed 'at a severe disadvantage in comparison to his opponent' will fair play and substantial justice counsel against the exercise of jurisdiction.") (quoting *Burger King Corp.*, 471 U.S. at 478). To the contrary—and as explained further below—the Middle District of Florida is a convenient and fair forum.

### ii. Venue

Similarly, the Court must examine whether the Middle District of Florida is a venue where this case could have originally been brought. "A civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). PPB Ohio—a business entity and not a natural person—is a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Since the Middle District of Florida can exercise personal jurisdiction over PPB Ohio (*see* Section A.i.), it is also a proper venue for this action.

### iii. Subject-matter jurisdiction

Last, in determining whether the Middle District of Florida is a proper forum, the Court must determine whether the court has subject-matter jurisdiction over the claims. State-law claims can be litigated in federal court when complete diversity exists between plaintiff and every defendant and when the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Limited liability companies are citizens of each state of which its members are citizens. *Delay v. Rosenthal*

8

*Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). PPB Ohio's sole member is a Florida citizen (Doc. 18 at ¶ 7), and Pratt is a citizen of Delaware and Georgia (*id.* at ¶ 6). As such, a federal court, including the Middle District of Florida, has subject-matter jurisdiction over the dispute.

      B. *Private and Public Interest Factors, and the Interests of Justice*

Since the Middle District of Florida is a forum where this case originally could have been brought, *see* Section A, the Court next weighs the parties' interests, the public's interest, and the interests of justice in determining whether to transfer the matter. *Kay*, 494 F. Supp. 2d at 849. Pratt does not make much of an argument with regard to these factors. Nor could it.

Private interest factors include: "(1) the convenience of the parties and witnesses, (2) the accessibility of the evidence, (3) the availability of compulsory process, (4) the cost of obtaining willing witnesses, (5) the practical problems of trying the case most expeditiously and inexpensively, and (6) the interests of justice." *Flatt v. Aspen Dental Mgmt., Inc.*, No. 2:18-CV-1278, 2019 WL 6044159, at *2 (S.D. Ohio Nov. 15, 2019) (citing *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009)). Both PPB Ohio's and Pratt's burdens in litigating this matter will be minimized if the case is transferred to the Middle District of Florida. PPB Ohio consents to adjudicating this case in the Middle District of Florida, as Florida is where "most, if not all, relevant records are located, and where [Hal Porter] handled the majority of matters relating to [PPB Ohio]." (Doc. 32-1 at ¶ 8). And Ohio is seemingly not a convenient forum for Pratt either, as it has its principal place of business in Georgia. (Doc. 18 at ¶ 6). In fact, Pratt is already litigating a case with the same causes of action against PPB Ohio's affiliates in the Middle District of Florida. *See generally Pratt Corrugated Holdings v. Porter Pizza Box, et al.*, 8:23-cv-00200-WFJ-CPT,

9

2023 WL 4455693 (M.D. Fla July 11, 2023) (denying defendants' Motion to Dismiss amended complaint). So most witnesses will already be called to the Middle District for the other litigation, making the forum convenient for both the parties and witnesses.

Likewise, public interest factors weigh in favor of transfer. Public interest factors include "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Const. Co., Inc.*, 571 U.S. at 62. Notably, administrative considerations favor transfer. The Middle District of Florida is already adjudicating the nearly identical claims against PPB Ohio's affiliates, which makes it more efficient for that Court to resolve this matter.

The next factor, localized interest, is neutral. It is true that PPB Ohio formed as an LLC in Ohio pursuant to Ohio Rev. Code § 1706.16. But PPB Ohio's headquarters and principal place of business are in Florida. (Doc. 32-1 at ¶¶ 7–8). Additionally, given Pratt's litigation strategy of filing multiple nearly identical suits across the country, the Court finds that the issues of this case are not those of a single, local controversy. Relatedly, the last factor (the interest of being in a forum that is at home with the law) is neutral. Pratt's Amended Complaint is based on Ohio law, specifically the Ohio Uniform Fraudulent Transfer Act. (*See* Doc. 18). But, inherent in its name, the Ohio Uniform Fraudulent Transfer Act is uniform across forty states—including Florida, where Pratt brought Florida Uniform Fraudulent Transfer Act claims against PPB Ohio's affiliates (*Pratt Corrugated Holdings v. Porter Pizza Box, et al.*, 8:23-cv-00200-WFJ-CPT (M.D. Fla)). Gerald L. Blanchard, *§ 10:3. Uniform Acts*, LENDER LIABILITY: LAW, PRAC. & PREVENTION, March 2023. So the Middle District of Florida is well suited to adjudicate these Ohio law claims because they parallel Florida law. In sum, public interest factors favor transfer.

10

Finally, under the language of § 1404(a), the Court considers the interests of justice, including judicial economy and the avoidance of inconsistent judgments. *See North*, 47 F. Supp. 3d at 648 (considering these factors along with public interest factors in a case involving a § 1404(a) transfer and a forum selection clause). As explained, a nearly identical lawsuit is currently being litigated in the Middle District of Florida. The interests of judicial economy and avoidance of inconsistent judgments favor transfer. *See, e.g., Cont'l Grain Co. v. The FBL-585*, 364 U.S. 19, 21, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960) (affirming the transfer of case under § 1404(a) in the interest of justice so that two lawsuits arising from single occurrence would be heard in same district court); *North*, 47 F. Supp. 3d at 648 (finding that two cases arising from the same set of facts being "decided in the same forum not only is the most efficient but it avoids inconsistent judgments").

C. *Pending Motion*

One loose end. Since the Court concludes that it should transfer this case under § 1404(a), it declines to consider Defendant's Motion to Dismiss (Doc. 21). *See Zimmer v. VALIC*, No. 1:06-CV-131, 2006 WL 8442236, at *4, 2006 U.S. Dist. LEXIS 112103, at *11 (S.D. Ohio 2006) (granting motion to transfer and expressing no opinion on the pending dispositive motion); *see also Ohio Learning Ctrs., LLC* v. *Sylvan Learning, Inc.*, No. 1:10-CV-1062, 2010 WL 2803042, at *——, 2010 U.S. Dist. LEXIS 70575, at *21 (N.D. Ohio July 14, 2010) (same). Defendant's Motion to Dismiss (Doc. 21) will be properly before the United States District Court for the Middle District of Florida.

### IV. CONCLUSION

Defendant's Motion (Doc. 28) is **GRANTED**. The Clerk of Courts is hereby **DIRECTED TO TRANSFER** this case to the United States District Court for the Middle District of Florida.

IT IS SO ORDERED.

Date: August 11, 2023 /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE